## LEONARD v. MAYFIELD HEIGHTS (Vil.) et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9651. Decided Oct. 29, 1928.

(Hughes, PJ., and Justice, J., of the 3rd Dist., and Mauck, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**CONTRACTS.**
(150 P7d) No standard fixed by statute for ascertaining what is best bid. What is best bid is confided to discretion of council and judgment of latter is conclusive unless it be shown that those possessing the discretion have abused their power. Council not required to seek views or consult judgment of others.

White, Hammon, Brewer & Curtiss, Cleveland, for Leonard.

Gurney, Gurney & Gurney and B. D. Nicola, Cleveland, for Mayfield Heights (Vil.).

HISTORY:—Action by taxpayer to enjoin village from entering into and carrying out contract. Heard on appeal. Decree for Village. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

The plaintiff brought her action as a taxpayer to enjoin the Village of Mayfield Heights from entering into and carrying out two contracts with the plaintiff construction company, one for the construction of sewers in Genessee Avenue, the other for sewer and water connections in Parker Drive. The bid of the Pfaff Company on the Genessee Avenue contract was $21,531.80, while the Angelo Merra bid for the same job was $20,359.05. On the Parker Drive job the Pfaff Co. bid $3,150.00, another company bid $3,039.00 and the Angelo-Merra Co., bid $3,015.00. The plaintiff charges that a majority of the village

council had voted to award the two contracts to the Pfaff Co., and that in so doing they had abused their discretion in determining that company to be the best and lowest bidder.

MAUCK, J.

There is some suspicion of the good faith of the village officers, but this arises from the earlier history of the transaction. There had been a previous advertisement for bids for the same jobs on the same specifications. Under the advertisement on the Genessee improvement, the bids had run from $19,212.76 to $28,656.50, one Burkhardt being the low bidder, the Angelo-Merra Co., being the second lowest at $19,789.25, while the Pfaff construction Co. bid $23,609.39. All these bids were rejected for the alleged reason that they were too low, and under like circumstances all the bids on the Parker Drive improvement were rejected. On the second advertisement it will be observed that the Angelo-Merra Co., raised its bid and the Pfaff Construction Co., lowered its bid. From this the suspicion is generated that the trouble with the first bids was that Burkhardt and the Angelo-Merra Co., were then too low and The Pfaff Co. too high. The council however saw fit to reject all the first bids and its action is not open to review.

We mention this rather unusual action of the municipal authorities because it seems to us the only circumstance taken in connection with the fact that the Pfaff Co., was not the lowest bidder to reflect upon the good faith of the village in finding that the Pfaff Co., was the best bidder.

What we take to be the fact, however, is that the first bids were rejected not because they were all too low, but because some of them were too low and others, if not all, were made under a misunderstanding of the physical conditions under which the contract would be performed. It is conceded by the plaintiff that the village officers were not bound to award the contract to the lowest bidder, that the bid must be the best as well as the lowest and that no standard is fixed by the statute for ascertaining what is the best bid. It is conceded that what is the best bid is confided to the discretion of the council and that the judgment of the latter is conclusive unless it be shown that those possessing the discretion have abused their power. It is argued, however, that such abuse is shown here because it appears that the council did not inquire of the low bidder as to his merits nor give him an opportunity to prove them. The course suggested would be one way to ascertain whether the low bidder was the best bidder but no statutory or other rule requires the council to have a hearing on the merits of the bidders. It may well be in a given case that the authorities know from official experience that the low bidder is not a good bidder and their experience may have been such that no amount of protestation by the party would affect their judgment. Such seems to have been the case here. At least, that position is consistent with the other facts of the case. The low bidder had done other work in which this village was interested. That work was so performed that council was not satisfied with it. The council did not believe that the contractor was a good performer in that matter and hence did not consider him a good bidder for the new work.

It is argued that by inquiry of others the council might have been convinced of the error of their position. They were acting, however, upon their own experience, and as it was their discretion that was determinative they were not required to seek the views or consult the judgment of others. They may have been wrong. If so, there is nothing to show that they were not honest in it; nothing to show that they were acting in bad faith, or unreasonably. Indeed we can not even say that they were unwise.

(Hughes, PJ., and Justice, J., concur.)